# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>Jacinth M. Brown-Roberts | BANKRUPTCY CASE NO. 17-17674-elf<br><br>CHAPTER 13 |

## EXPEDITED MOTION OF
## PHILADELPHIA CORPORATION FOR AGING
## FOR RELIEF FROM THE AUTOMATIC STAY

Pursuant to 11 U.S.C. § 362(d), Philadelphia Corporation for Aging ("PCA"), by its attorneys, Schnader Harrison Segal & Lewis, LLP, hereby moves for relief from the automatic stay, and in support thereof avers the following:

### REQUEST FOR EXPEDITED RELIEF

1. PCA requests expedited relief from the Court to allow PCA to engage in legal action against debtor relating to the provision by PCA of protective services to older adults, including pursuant to the Older Adults Protective Services Act ("Act"), 35 P.S. § 10225.101 *et seq.* and the regulations promulgated under the Act, 6 Pa. Code Ch. 15.

2. Although debtor commenced this case on November 10, 2017, and although PCA filed emergency motions against debtor in state court in late December 2019, which the state court granted (*see Exhibits 1-4*), only in February 2020 did PCA learn that debtor had filed a bankruptcy petition and that debtor has the protection of the automatic stay.

3. PCA requests expedited relief to allow it to take legal actions necessary to determine if an older adult is in need of protective services and to implement protective services that may be indicated.

4. Counsel for PCA contacted debtor's counsel by telephone and in writing and requested that counsel consent to this Court hearing this motion on an expedited basis. As of this filing, while debtor's counsel has taken PCA's request under advisement, he had not yet consented.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334.

6. Venue is proper in this proceeding pursuant to 28 U.S.C. §1409(a).

7. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

8. The statutory predicate for the relief sought in this motion is 11 U.S.C. § 362(d).

**BACKGROUND**

9. PCA is a non-profit corporation, created and operating under the laws of the Commonwealth of Pennsylvania. PCA's address is 642 North Broad Street, Philadelphia, PA 19130. PCA is the "area agency on aging" in Philadelphia County and the local provider of protective services to the elderly. *See* 6 Pa. Code § 30.2. 6 Pa. Code Ch. 30 app. A.

10. Debtor is the owner of multiple properties in Philadelphia, including but not limited to 5709 N. Park Avenue, Philadelphia, PA 19141.

11. Debtor has operated and may continue to operate multiple properties, including the 5709 N. Park Avenue property, as boarding homes where she and her employees and agents cater to individual residents, including older and disabled adults.

12. On December 20, 2019, PCA filed two (2) verified emergency petitions in the Court of Common Pleas of Philadelphia County requesting access to the 5709 N. Park Avenue property, for the purposes of interviewing older adults for whom PCA had received a report of need, in that they were alleged to be victims of abuse, neglect, exploitation, or

abandonment. On December 23, 2019, the Court of Common Pleas granted both petitions. Attached as *Exhibit 1* is The Emergency Petition For Access To Person And To Enjoin Interference with Protective Services filed by PCA in the case of *For the Benefit of: Geraldine Gerr, an Older Adult*, in Case No. 191203044 in the Court of Common Pleas. The Court's Order granting PCA's petition is attached as *Exhibit 2*. Attached as *Exhibit 3* is The Emergency Petition For Access To Person And To Enjoin Interference with Protective Services filed by PCA in the case of *For the Benefit of: Roberta Knox, an Older Adult*, in Case No. 191203045. The Court's Order granting PCA's petition is attached as *Exhibit 4*.

## THIS COURT SHOULD GRANT PCA RELIEF FROM THE AUTOMATIC STAY

13. Section 362(d) of the Bankruptcy Code authorizes this Court to grant a party in interest relief from the automatic stay as follows:

> **(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay —
>
> **(1)** for cause…

11 U.S.C. § 362(d)(1).

14. There is cause here because the automatic stay materially impairs PCA's ability to fulfill its statutory responsibilities under the Older Adults Protective Services Act ("Act"), 35 P.S. § 10225.101 *et seq.* – *i.e.*, to investigate reports of senior citizens in need and offer those older adults protective services when indicated. PCA has already filed petitions in state court concerning two such reports of need. *Exhibits 1 and 3*. The state court agreed that judicial intervention was warranted and, *inter alia*, enjoined debtor from interfering with

PCA's investigations. *Exhibit 2 and 4*. So that PCA may continue or commence legal action against debtor as may be necessary, PCA requests that the Court determine that the strictures of the automatic stay do not shield debtor, and that PCA may proceed without the automatic stay hindering it.

15. PCA does not seek damages against debtor or an award of money or property. Rather, PCA merely seeks leave from this Court to exercise its authority under state law to prevent debtor from interfering with investigations of reports of need and the provision of protective services by PCA to older adults.

WHEREFORE, Philadelphia Corporation for Aging respectfully requests this Court enter the attached Order terminating the automatic stay as to PCA, and also grant such further relief as may be just and equitable.

Respectfully submitted,

Schnader Harrison Segal & Lewis LLP

Dated:  May 7, 2020                By*: /s/ Jonathan W. Hugg*
                                    Jonathan W. Hugg, Esquire
                                    PA Id. No. 73589
                                    1600 Market Street, Suite 3600
                                    Philadelphia, PA  19103-7286
                                    Phone: (215) 751-2527
                                    Fax:  (215) 751-2205
                                    jhugg@schnader.com

                                    *Attorneys for*
                                    *Philadelphia Corporation for Aging*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion was served on May 7, 2020, on all parties of record via this Court's electronic filing system, and separately by email upon:

BRAD J. SADEK
Sadek and Cooper
1315 Walnut Street
Suite 502
Philadelphia, PA 19107
215-545-0008
Fax : 215-545-0611
Email: brad@sadeklaw.com

(Debtor's counsel)

And

LEROY W. ETHERIDGE, JR.
Office of Chapter 13 Standing Trustee
P.O. Box 1229
Philadelphia, PA 19105
(215) 627-1377
Email: ecfemails@ph13trustee.com

WILLIAM C. MILLER, Esq.
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105
215-627-1377
Email: ecfemails@ph13trustee.com

                Respectfully submitted,

                SCHNADER HARRISON SEGAL & LEWIS LLP

Dated: May 7, 2020      By: */s/ Jonathan W. Hugg*
                Jonathan W. Hugg (PA ID No. 73589)
                1600 Market Street, Suite 3600
                Philadelphia, PA 19103-7286
                Phone: (215) 751-2000
                Fax: (215) 751-2205
                jhugg@schnader.com

                *Attorneys for*
                *Philadelphia Corporation for Aging*